UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cr-20005-BB

UNITED STATES OF AMERICA

vs.

GILDA BETH ROSENBERG
(A/K/A GILDA ROSEMBERG PERCEZEK),

Defendant.
_____

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Tax Division, United States Department of Justice (collectively, "this Office") and **GILDA BETH ROSENBERG** (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the information, which charges the Defendant with a single count of conspiracy in violation of Title 18, United States Code, Section 371 with three objects: conspiracy to defraud the United States; conspiracy to commit tax evasion, in violation of Title 26, United States Code, Section 7201; and conspiracy to willfully fail to file a Report of Foreign Bank and Financial Account ("FBAR"), in violation of Title 31, United States Code, Sections 5314, 5322.

2. The Defendant agrees that she shall waive Indictment and proceed via Information.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

2

The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to <u>five</u> years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, may order forfeiture, and shall order restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

3

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

8. The Defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance

5

of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

11. This Office and the Defendant agree that, although not binding on either the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

 a. Guidelines Calculation

  i. Tax Fraud

   a. <u>Applicable Guideline</u>: The applicable Guideline is USSG §2T1.1;

   b. <u>Loss</u>: The Defendant is pleading guilty to conspiracy to defraud and conspiracy to commit tax evasion. The total additional tax due and owing for tax years 2009 through 2019 is **$1,927,342**. For purposes of Section 2T4.1, the parties agree to recommend that the Defendant be held accountable for a tax loss **between $1,500,000 and $3,500,000.**

   c. <u>Specific Offense Characteristics</u>: The Defendant agrees that the offense involved sophisticated means, pursuant to Section

6

2T1.1(b)(2), as she and her co-conspirators utilized foreign financial accounts.

ii. <u>Willful Failure to File an FBAR</u>

   a. <u>Applicable Guideline</u>:   The applicable Guideline is USSG §2S1.3;

   b. <u>Loss</u>:   The Defendant is pleading guilty to conspiracy to willfully failing to file Reports of Foreign Banks and Financial Accounts.   For purposes of Sections 2S1.3(a)(2) and 2B1.1, the parties agree to recommend that the value of the funds should be **between $65,000,000 and $150,000,000.**

   c. <u>Specific Offense Characteristics</u>:   For purposes of Section 2S1.3(b)(2), the Defendant agrees that (A) she was convicted of an offense under subchapter II of chapter 53 of title 31, United States Code; and (B) she committed the offense as part of a pattern of unlawful activity involving more than $100,000 in a 12-month period.

iii. <u>Adjusted Offense Level:</u> That the applicable adjusted offense level under all of the circumstances of the offenses committed by the Defendant is Level 32.

b.   Sentence Recommendation:   The Office will recommend that any sentence in this matter will run concurrently with any prison sentence issued in the Eastern District

7

of Texas in the separate criminal matter against the Defendant, *United States v. Rosenberg*, 24-cr-00062-ALM-AGD (E.D. Tex).

12. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

13. Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3663(a) and (b), the Defendant agrees to make full restitution to the Internal Revenue Service ("IRS"), less any credit for the amounts paid to or recovered by the IRS as of the date of sentencing. The parties agree that the harm to the IRS for this case known to the government at the time of this agreement is $1,927,342. The Defendant agrees to pay restitution to the IRS in the total amount of $1,927,342.

14. The Defendant agrees that the total amount of restitution reflected in this agreement results from the Defendant's fraudulent conduct.

15. The total amount of restitution consists of the following:

8

| Year | G. Rosenberg Tax Due | Year | Relative 1 Tax Due | Year | Relative 2 Tax Due |
|---|---|---|---|---|---|
| 2009 | - | 2009 | $38,270.00 | 2009 | $33,456.00 |
| 2010 | - | 2010 | $199,968.00 | 2010 | $181,844.00 |
| 2011 | $27,765.00 | 2011 | $137,364.00 | 2011 | $143,004.00 |
| 2012 | $29,352.00 | 2012 | $102,714.00 | 2012 | $122,572.00 |
| 2013 | $21,485.00 | 2013 | $138,439.00 | 2013 | $28,334.00 |
| 2014 | $17,258.00 | 2014 | $90,324.00 | 2014 | $14,310.00 |
| 2015 | $15,235.00 | 2015 | $102,121.00 | 2015 | - |
| 2016 | $3,435.00 | 2016 | $120,362.00 | 2016 | - |
| 2017 | $1,615.00 | 2017 | $357,152.00 | 2017 | $963.00 |
| Total | $116,145.00 | Total | $1,286,714.00 | Total | $524,483.00 |

9

| Year | Total Tax Due |
|---|---|
| 2009 | $71,726.00 |
| 2010 | $381,812.00 |
| 2011 | $308,133.00 |
| 2012 | $254,638.00 |
| 2013 | $188,258.00 |
| 2014 | $121,892.00 |
| 2015 | $117,356.00 |
| 2016 | $123,797.00 |
| 2017 | $359,730.00 |
| Total | $1,927,342.00 |

The Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

16. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under Title 26, United States Code, Section 6201(a)(4). The Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the

10

existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

17. The Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

18. The Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

19. If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The Defendant also agrees to provide the above-described information to the probation office.

20. If the Defendant makes a payment of the restitution agreed to in paragraph 13 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 13.

11

21. The Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

U.S. District Court
400 North Miami Avenue, Room 8N09
Miami, FL 33128

22. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

> A. The Taxpayer's name and Social Security number;
> B. The District Court and the docket number assigned to this case;
> C. Tax year(s) or period(s) for which restitution has been ordered; and
> D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The Defendant agrees to include a request that the Clerk of the Court send the information, along with the Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

23. The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS address listed above.

24. The Defendant knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity income tax liabilities concerning tax years 2010 through 2021. The Defendant agrees to cooperate with the IRS in its civil examination, determination, assessment, and collection of income taxes related to the Defendant's 2010 through 2021 individual income tax returns and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds

12

or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing.

25. The Defendant agrees to prepare and file accurate Forms 1040X, Amended U.S. Individual Income Tax Returns, for the tax years 2010 through 2021 by no later than the time of the Defendant's sentencing.

26. The Defendant agrees that any statements made by the Defendant to the IRS and/or in this agreement shall be admissible against the Defendant without any limitation in any civil or criminal proceeding and the Defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the Defendant to the IRS. The Defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the Defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the Defendant be released from the agreements and waivers made by the Defendant in this and the preceding two paragraphs.

27. The Defendant further agrees that in order to resolve her civil liability for failing to file FinCEN Form 114, Report of Foreign Bank and Financial Accounts, (formerly Forms TD F 90-22.1), for tax years 2010 through 2021, she will pay a penalty in the amount of $5,857,045.50, which is 50% of the highest balance for year 2019, the year with the highest balance. If the

13

Defendant does not pay the penalty amount two weeks prior to sentencing, Defendant will, by the time of sentencing, enter into a closing agreement with the IRS in which the Defendant agrees to pay the penalty amount. Furthermore, the Defendant will pay the penalty amount, and any interest, no later than six months prior to the termination of any period of supervised release imposed by the Court. Failure to do so will constitute a breach of the plea agreement.

28. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of her right to appeal her sentence.

29. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

14

28. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

15

30. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: March 10, 2025        By: _____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

KAREN E. KELLY
ACTING DEPUTY ASSISTANT
ATTORNEY GENERAL FOR CRIMINAL
MATTERS
TAX DIVISION

Date: March 10, 2025        By: _____
MARK F. DALY
STAN J. OKULA
SENIOR LITIGATION COUNSEL
MARISSA R. BRODNEY
TRIAL ATTORNEY
TAX DIVISION

Date: March 10, 2025        By: _____
VICTOR A. JARAMILLO
JOAN SILVERSTEIN
BRUCE A. ZIMET
ATTORNEYS FOR DEFENDANT

Date: March 10, 25          By: _____
GILDA BETH ROSENBERG
DEFENDANT